KIENE v. BROWNELL et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1966. Decided Dec. 12, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

297. CONTRACTS—Recission of—513. False Representation—54. Agency—Where agent falsely represents that he has customer for property, and so induces seller to contract for transfer of property, when in fact agent is purchaser, such false representation sufficient grounds for recission of contract.

Appeal from Common Pleas.

Decree for plaintiff.

Edwin A. Thurston, Toledo, for Kiene.

Geer & Lane, Toledo, for Brownell et.

FULL TEXT.

RICHARDS, J.

The plaintiff sues to obtain the cancellation of a contract he made with the defendant, Heber E. Brownell, for the sale to said defendant of three lots on Sylvania Avenue in this county. The agreed price of the lots was $2,800.00 less a commission of 5%, leaving $2,660.00, on which a small down payment was made. The plaintiff tendered back the cash payment and insists on a rescission of the contract on the ground that said defendant, who was a real estate agent and was agent for plaintiff, falsely represented to him, as an inducement to the making of the contract, that he had a customer for the property who was going to purchase at once and that if plaintiff would not sell to him he would purchase certain other nearby property. All of these representations are claimed to have been false and known to be such by the defendant at the time and were relied on by the plaintiff.

The evidence discloses that the plaintiff had little experience in dealing in real estate and knew little of its value, and that he relied on the representations made by said defendant and believed that the defendant had a customer for the property, but that in fact the defendant did not have any such customer and purchased the real estate for himself. In the negotiations said defendant was not acting for any third party but, contrary to the representations made, was acting for himself, and there was no one who was insisting, as claimed, that the transaction must be closed at once or other property would be purchased.

The testimony of three men who are thoroughly qualified on the value of real estate, shows that this property at the time of the execution of the contract was of very much greater value than the price for which it was agreed to be sold—one witness putting the value at $60 to $75 per front foot, another witness from $75 to $100 per front foot, and the third witness from $70 to $80 per front foot, while the price agreed upon between the parties was less than $27 a front foot. The evidence discloses that, while the defendant represented that his customer must know at once and that he was going to assign to the customer the contract with the plaintiff, he has not in fact seen the prospective purchaser at any time since the bargain was made with the plaintiff and has not assigned the contract to any person. While the defendant became the agent of the plaintiff and received a commission of 5% on the transaction, he was himself, in fact, the purchaser of the property for his own use, and that fact was unknown to the plaintiff.

The case falls directly within the rule stated in 21 R. C. L., 829, in the following language:

"The doctrine is familiar that an agent can not, either directly or indirectly, have an interest in the sale of the property of his principal which is within the scope of his agency, without the consent of his principal, freely given, after full knowledge of every matter known to the agent which might affect the principal. If employed to sell, the agent may not become the purchaser; and if employed to buy, he may not be the seller."

In some respects the case is similar to a former decision of this court. Wilcox v. The Schackne Realty Co., et al., 16 Court of Appeals Opinions, Sixth District, unreported, 150. See also Ferguson & Friss v. Gooch, 94 Va., 1.

A decree will be entered for the plaintiff.

(Williams and Lloyd, JJ., concur.)